```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
NEOKORO ANDERSON,                        :
                                         :        13 Civ. 4628 (DLC)
                      Plaintiff,         :
                                         :        OPINION & ORDER
          -v-                            :
                                         :
THE CITY OF NEW YORK; JASON ZUMMO, New   :
York City Police Officer, Shield         :
#11153; MATTHEW VORRARO, New York City   :
Police Officer, Shield #15194; JOHN      :
DOES; RICHARD ROES,                      :
                                         :
                      Defendants.        :
                                         :
---------------------------------------- X
```

APPEARANCES:

For plaintiff:

Jeffrey A. Rothman
315 Broadway, Ste. 200
New York, New York 10007

For defendant City of New York:

Ben N. Kuruvilla
Corporation Counsel of the City of New York
100 Church St., Room 3-126
New York, New York 10007

DENISE COTE, District Judge:

    Plaintiff Neokoro Anderson ("Anderson") brings this action under 42 U.S.C. § 1983 and the laws of New York against the City of New York (the "City") and certain officers of the New York Police Department ("NYPD"), alleging that he was beaten by the officers following a false arrest. Anderson filed his action in

the Southern District of New York ("Southern District"); the City moves, pursuant to 28 U.S.C. § 1404(a) ("Section 1404"), to transfer the action to the Eastern District of New York ("Eastern District").  For the reasons given below, the City's motion is granted.

## BACKGROUND

Anderson alleges the following facts in his complaint.  At approximately 9 p.m. the evening of April 21, 2012, Anderson was walking in his neighborhood in Queens, New York when he was approached by defendant Jason Zummo ("Zummo"), an NYPD officer in plainclothes.  Anderson alleges Zummo pointed a gun at Anderson and ordered him to stop, and told him it appeared as if Anderson had been trying to rob two people.  Zummo did not identify himself as a police officer.  Anderson alleges he had not been involved in the commission of any crime, but was frightened by Zummo's gun and ran into a nearby yard.  Zummo gave chase, tackled Anderson in the yard, and handcuffed him.  Anderson alleges that, after handcuffing him, Zummo and other plainclothes officers assaulted him before putting him in an unmarked police car to take him to the NYPD's 113th precinct, also in Queens.

According to the complaint, Anderson was charged with two counts of possession of marijuana in the fifth degree, obstruction of governmental administration in the second degree,

and resisting arrest.  All charges against Anderson were dismissed pursuant to an Adjournment in Contemplation of Dismissal.

On July 3, 2013, Anderson's counsel filed the above-captioned action in the Southern District of New York.  On January 7, 2014, the City[1] moved to transfer venue pursuant to 28 U.S.C. § 1404(a).  In a declaration filed in opposition to the City's motion to transfer, plaintiff's counsel states that his office is two blocks away from the Southern District courthouse.  He further states that this action was not filed in the Southern District in the hope of a higher hourly billing rate under the Second Circuit's "forum rule," but rather for his own convenience.

## DISCUSSION

Section 1404 provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  A district court has broad discretion to grant or deny motions to transfer and makes its determination based on

---

[1] The notice of motion and the initial memorandum of law in support of that motion indicate that the motion is brought by the City alone, but the reply memorandum styles the motion "Defendants' Motion" and is submitted on behalf of individual defendants Zummo and Vorraro as well as the City.

"notions of convenience and fairness . . . on a case-by-case basis." D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 106 (2d Cir. 2006).  The movant bears the burden of establishing, by clear and convincing evidence, that transfer is warranted.  N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc., 599 F.3d 102, 113-14 (2d Cir. 2010).  If venue would be proper in the proposed transferee district, the court must determine whether, considering "the convenience of parties and witnesses" and "the interest of justice," a transfer is appropriate.  Atlantic Marine Constr. Co., Inc. v. U.S. Dist. Ct. for W. Dist. of Tex., 134 S. Ct. 568, 581 (2013) (citation omitted).  The factors a court may consider in making that determination include the following:

> Factors relating to the parties' private interests include relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; . . . and all other practical problems that make trial of a case easy, expeditious and inexpensive.
>
> Public-interest factors may include the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; and the interest in having the trial of a diversity case in a forum that is at home with the law.

Id. at 581 n.6 (citation omitted).  A court may also consider, among other things, "the convenience of parties" and "the relative means of the parties."  N.Y. Marine, 599 F.3d at 112

4

(citation omitted).

A court must also accord at least "some weight" to the plaintiff's choice of forum.  Atlantic Marine Constr., 134 S. Ct. at 581 n.6 (citation omitted).  As the Court of Appeals has observed when addressing a motion to dismiss a case on forum non conveniens grounds, "[t]he more it appears that a . . . plaintiff's choice of forum has been dictated by reasons that the law recognizes as valid, the greater the deference that will be given to the plaintiff's forum choice."  Norex Petroleum Ltd. v. Access Indus., Inc., 416 F.3d 146, 154 (2d Cir. 2005) (quoting Iragorri v. United Techs. Corp., 274 F.3d 65, 71-72 (2d Cir. 2001) (en banc)).  Conversely, "the more it appears that the plaintiff's choice . . . was motivated by forum-shopping reasons . . . the less deference the plaintiff's choice commands."  Id. (quoting Iragorri, 274 F.3d at 72).

In particular, courts in this district must be mindful that a 2009 decision by the Court of Appeals concerning the proper measure of reasonable attorney's fees has "created an incentive to file all civil rights litigation against the City in the Southern District of New York." Legrand v. City of New York, 09 Civ. 9670 (DLC), 2010 WL 742584, at *1 (S.D.N.Y. Mar. 3, 2010) (citing Simmons v. N.Y. City Transit Auth., 575 F.3d 170, 175 (2d Cir. 2009)).  "Where the events underlying the litigation arise and the plaintiff resides in the Eastern District of New

5

York, the plaintiff's decision to file the lawsuit in the Southern District of New York likely reflects impermissible forum shopping and, in the absence of countervailing factors, must be rejected." Id.

Here, the parties do not dispute that this action would have been properly filed in the Eastern District, that plaintiff resides in the Eastern District, and that the "locus of operative facts" is the Eastern District.  As there appears to be little "bona fide connection . . . to the forum of choice" here, plaintiff's decision to file in the Southern District is entitled to little deference. Iragorri, 274 F.3d at 72.  Given the proximity and ease of transit between the Southern District and Eastern District courthouses, the other factors are of little weight, although the ease of access to sources of proof favors the Eastern District.  The only "countervailing factor" offered by plaintiff in favor of the Southern District is the convenience of the parties' counsel, but the convenience of counsel is not ordinarily accorded much if any weight in this analysis. Legrand, 2010 WL 742584, at *2 (collecting cases).

Plaintiff also argues that the other convenience factors are neutral and expressly disclaims forum shopping.  But, this does not alter the fact that plaintiff and this action have little connection to the Southern District, while plaintiff resides in the Eastern District and the incident occurred in the

6

Eastern District.  Accordingly, the balance of convenience and the interest of justice favor transfer to the Eastern District.

**CONCLUSION**

The City of New York's January 7, 2014 motion for transfer is granted.

Dated:    New York, New York
          April 8, 2014

                              _____
                              DENISE COTE
                              United States District Judge